IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

TODD MITCHELL GREEN,

                **Petitioner,**

v.

TRINITY FOOD SERVICE,
VAL RUTHIG, and
KAREN RADCLIFF,

                **Respondents.**

Civil No.: 3:19-CV-128
(JUDGE GROH)

## REPORT AND RECOMMENDATION

### I. Background

On August 9, 2019, the Plaintiff filed a *pro se* complaint against the above-named defendants pursuant to 42 U.S.C. § 1983.   ECF No. 1.  On that same date Plaintiff filed a motion to proceed without prepayment of fees, consent to collection of fees, prisoner trust account report and ledger sheets.  ECF Nos. 2, 3, 4, 4-1.  This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C.§§ 1915(e) and 1915A.

### II. The Complaint

In his complaint, Plaintiff asserts five claims related to his incarceration during July 2019.  ECF No. 1 at 7 – 8.  For relief, the Plaintiff's complaint asks the Court to implement a training program and "pay for my services rendered $6000".  ECF No. 1 at 9.

1

In his complaint Plaintiff asserts that the events complained of occurred in July 2019, and that he has not yet had results from his handwritten grievance, that he filed "another grievance [but has received] no answer", before filing his complaint. ECF No. 1 at 6.

### III. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

---

[1]  Id. at 327.

## IV. Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a case with respect to prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court of the United States has determined that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 532 (2002).

In addition, although generally the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. §1915A to dismiss the case *sua sponte*. Id. at 682.

The West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff

3

member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

The Plaintiff's complaint states that he is awaiting the conclusion of a grievance under the prisoner grievance procedure. ECF No. 1 at 6. Further, the Court notes that

the events complained of occurred less than one month before the filing of the complaint, making exhaustion of all remedies, if not impossible, than highly unlikely. Consequently, it is apparent that the Plaintiff has not exhausted the grievance procedure by filing a grievance with the jail administrator, then the Chief of Operations, and finally the Office of Executive and has failed to follow the grievance procedure before filing in federal court.  Because the failure to exhaust is clear on the face of the complaint and additional documents, *sua sponte* dismissal of this action is appropriate.[2] See Anderson, 407 F.3d at 682.

Furthermore, even if the Plaintiff had properly exhausted his administrative grievances, his complaint would still be subject to dismissal because, among other reasons, Plaintiff seeks relief which is unavailable or improper under § 1983, has failed to name proper parties to state a cause of action, and fails to assert a cognizable cause of action as to some of his claims against named parties.

---

[2] Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ," see Booth v. Churner, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances.  See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga.  Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms).  Here, plaintiff has failed to set forth any reason to excuse his failure to exhaust.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDED** that Petitioner's section 1983 complaint [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE** for the failure to exhaust, and this case be closed.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in

the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** August 12, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE